## ELLA CHADWICK

### v.

### THE ISLAND BEACH COMPANY et al.

A writ of assistance will not be awarded to a mortgagee who bought the premises under a foreclosure of her own mortgage, where the defendant, who is in possession, claims title, not only under the mortgagor, but also under a subsequently acquired title, which he insists is superior to the mortgagor's, and although he was made a party to the foreclosure, and a decree *pro confesso*

obtained against him, no issue was raised or litigated in the foreclosure suit as to his later title.

On motion for writ of assistance.

*Mr. D. J. Pancoast,* for complainant.

*Mr. P. L. Voorhees,* for defendant.

BIRD, V. C.

The complainant filed her bill to foreclose a mortgage given by E. P. Carpenter to H. W. Torra, to secure the payment of a bond for $15,000 on certain premises conveyed by said Torra to said Carpenter, in which mortgage the premises are described as follows:

" Being all that part of Tucker's Island and Flatt Beach lying on the south-westerly side of the new inlet to the northeasterly side of where Brigantine Inlet formerly ran, containing within the last-mentioned boundaries one hundred acres of land, be the same more or less."

One of the defendants, the Island Beach Company, was in the possession of the premises covered by the mortgage. Such proceedings were had that the complainant obtained a final decree directing a sale. An execution was issued, a sale of the premises was made by the sheriff, and the complainant was the purchaser. She now comes into this court, by her petition, asking the aid of this court in obtaining possession, the said Island Beach Company having refused to deliver possession to her on demand.

The company resists this motion. It disputes the title of the complainant, who was the purchaser and is now the petitioner. It says it is true that the complainant had a mortgage which purported to cover certain lands, but which mortgage was worthless, because the mortgagor really had no title to the lands included in the mortgage which he gave. In other words, the Island Beach Company says "You and your grantors, for sometime past, describe certain lands and premises in your and their conveyances, but neither you nor they had, in reality, any title whatever

thereto." It says, " If at any time any of your grantors had title to lands in the vicinity of the lands in question, they were situated a considerable distance from the lands described in the complainant's mortgage and were no part of them." It further says that it has procured title from the board of proprietors for this very land, which the said board caused to be located for it, and that thereby it has a perfect title as against the complainant. It insists, also, that whatever may be the rights of the parties the complainant cannot proceed in this summary way to recover possession, urging upon the attention the well-settled practice that when there is a dispute as to title the purchaser must settle it by an action at law.

But the practice also is for the court of chancery to put the purchaser in possession by a writ of assistance, when the person refusing to deliver possession was a party defendant in the foreclosure proceedings.

In this case the defendant company was in possession of the premises as owner of the fee. It procured a title subsequently to the execution of the mortgage, which was foreclosed, taking such title from E. B. Carpenter, the then owner of the fee, subject to the payments, conditions and agreements of the mortgage aforesaid. It surveyed said premises, made a map of them, plotting them, and offering lots for sale, and has sold and conveyed several hundred lots, being parcels of the said mortgaged premises. The title which it took from the board of proprietors bears date January 24th, 1882, subsequent to complainant's mortgage.

The title deeds offered in evidence by the complainant, being sixteen or seventeen in number, carry us back to February 19th, 1831 ; and these all describe the land included in the mortgage, in the same terms as nearly as may be, and as above set forth.

Under such circumstances (the complainant and defendant both deriving their title, on the one hand, from the same source, but the defendant procuring title from another source, which, it says, is the superior and better title, and the defendant being in possession of the premises when the bill was filed, and made a party thereto, and allowing a decree to go against him by default), will it be proper for this court to aid the purchaser in

obtaining possession? The insistment that the court should, implies that all the rights of the respective parties have been adjudicated, which is, in reality, not true. No right, or interest, or title has been adjudicated or settled by the foreclosure proceedings and the final decree therein, except such as was alleged to be in the complainant, for the purpose of perfecting his title, or such as was alleged to be in the defendant, or alleged to be claimed by the defendant, for the purpose of removing it or having it declared subsequent or subject to the title of the complainant. The complainant alleges that the defendant company took title by deed to these premises from Carpenter, and alleges that that conveyance was subsequent to her mortgage. This raised an issue, which the defendant admitted, by not answering, to be in favor of the complainant, and, consequently, the decree *pro confesso*. But there was no issue raised with respect to any other title of the defendant company, which now alleges, in answer to this petition, that it took title to these lands from the board of proprietors, who surveyed and located them to it for the first time. So far as appears the defendant had a right to take such title, and if it be true that it has the first survey and location, it may ultimately be established, however many difficulties may present themselves, that such title is superior to all others. I cannot now decide it. No issue has been made respecting it. Certainly there is difficulty enough before me not to attempt to override it or to disregard it, by putting the purchaser in possession.

The complainant had it in her power to raise this very issue by alleging, not only that the defendant held a deed of conveyance for the fee of the premises, and claimed some interest therein, but also by alleging that the complainant claimed title from the board of proprietors, and then denying the legality or priority of that title. But this she did not do, and the issue thereby suggested remains undetermined. The case of *Wade* v. *Miller*, *3 Vr. 296*, is quite in point. In that case a widow, who had an interest in dower in lands, took title to the same from her husband, through a third person, after the husband had executed a mortgage thereon in which she did not join. This mortgage

was foreclosed after the death of the husband. The widow was made a party as the owner of the equity of redemption. Nothing was said in the bill respecting her right or claim of dower. After decree the property was sold, and conveyed to the purchaser. The widow brought her action for dower, and it was declared that she was not deprived thereof by the decree, because the question of her right of dower had not been raised. See, also, *Kirkpatrick* v. *Corning, 11 Stew. Eq. 234.*

This principle may be likened to the mortgage of a leasehold interest, and the foreclosure thereof and sale of the term without making the remainderman a party, who has obtained possession either through some default of the lessee or the expiration of term before the sale under foreclosure. In such case, I think, the court would not award a writ of assistance.

I will advise an order denying the motion, with costs.